Rcd 7/6/18

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| VS. | |
| ROBERT THOMAS | CC201608963 |

COMMONWEALTH'S RESPONSE TO DEFENSE MOTION TO SUPPRESS EVIDENCE OBTAINED OR DERIVED FROM TELEPHONE NUMBER (412) 378-3461

The Honorable Edward J. Borkowski

Filed on Behalf of the Commonwealth of Pennsylvania

Counsel of Record for the Commonwealth of Pennsylvania

STEPHEN A. ZAPPALA, JR.
DISTRICT ATTORNEY
   By

Kevin A. Chernosky
Deputy District Attorney
Pa. I.D. No. 92972

Office of the District Attorney
of Allegheny County
401 Courthouse
436 Grant Street
Pittsburgh, Pennsylvania 15219
(412) 350-4407



ORIGINAL
Criminal Division
Dept. Of Court Records
Allegheny County, PA

FILED 2018 JUL -6 PM 3:58 DEPT. OF COURT RECORDS CRIMINAL DIVISION, PA ALLEGHENY COUNTY, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      CRIMINAL DIVISION

VS.

ROBERT THOMAS      CC201608963

## COMMONWEALTH'S RESPONSE TO DEFENSE MOTION TO SUPPRESS EVIDENCE OBTAINED OR DERIVED FROM TELEPHONE NUMBER (412) 378-3461

AND NOW, comes the Commonwealth of Pennsylvania by its attorneys, STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, and KEVIN A. CHERNOSKY, Deputy District Attorney, and respectfully represents the following:

1. The case docketed at Criminal Action Number CC201608963 is awaiting trial before this Honorable Court on six counts of Criminal Homicide, one count of Criminal Conspiracy to Commit Criminal Homicide and several additional serious offenses;

2. The Co-Defendant, Cheron Shelton, docketed at Criminal Action Number CC201608964, is presently joined with the above captioned case for trial and also awaiting trial before this Honorable Court on identical charges;

3. The instant charges stem from the March 9, 2016 shooting incident that took the lives of five adults and one unborn child;

4. On May 10, 2018, Defendant filed a motion to suppress evidence obtained or derived from telephone number (412) 378-3461;

5. At the prior status hearing held on June 11, 2018, the Commonwealth requested of this Court the opportunity to hold a hearing for testimony; however, supplemented with the attachment of the original Court Order for these records, the Commonwealth believes a hearing is not necessary and rests on the arguments made within this response.

6. In its motion, Defendant alleges that specific assertions made within the affidavit of the Court Order were deliberate and material misstatements of facts known to the author of the Court Order; furthermore, Defendant argues that without the material misstatements the Commonwealth lacks probable cause leaving the affidavit insufficient and invalid.

7. The Commonwealth submits to this Court that not only did it have reasonable suspicion for obtaining these records through the proper means by Court Order, but also that this Court should make a finding that the affidavit within the Court Order contained adequate probable cause for obtaining these phone records.

8. The Court Orders for disclosure of electronic records being challenged in this case were sought pursuant to 18 Pa.C.S. §5743(c) which provides that;

> A court order for disclosure under subsection (b) or (c) shall be issued only if the investigative or law enforcement officer shows that there are specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify the order if the information or records requested are unusually voluminous in nature or compliance with the order would otherwise cause an undue burden on the provider. 18 Pa.C.S § 5743(d)

9. The Commonwealth submits that the affidavit presented to the issuing authority nonetheless contained sufficient information to satisfy a probable cause standard. In light of the Supreme Court of the United States decision in *United States v. Carpenter*, 585 U.S.___(2018),

*2018 WL 3073916.* The Commonwealth requests that this Honorable Court make a determination on this issue based upon probable cause.

10. In response to Defendant's argument that Defendant did not confirm in his interview that number (412) 378-3461 was in fact his own, the Commonwealth concedes. Defendant Robert Thomas never confirmed nor denied that (412) 378-3461 was in fact his phone number.

11. The author of this affidavit, Detective Patrick Miller, is prepared to and would testify that this statement, based upon information received, was not a deliberate or intentional falsehood for the purposes of deceiving in order to obtain probable cause for the Court Order.

12. Additionally, Defendant argues that the following statement, "[t]he last contact between the two telephones ceased at 9:50 p.m. on March 9, 2016 and resumed again at 11:19 p.m. on March 9, 2016" contained within the affidavit was also a fabrication;

13. The Commonwealth argues that although this statement was clearly inaccurate as evident by the preliminary hearing testimony of Detective Patrick Miller, the purpose for this statement is immaterial and unnecessary for purposes of probable cause;

14. With the complete exclusion of these two statements of which Defendant claims voids the probable cause, the Commonwealth argues that the affidavit still contained other information which is valid and sufficient to constitute probable cause.

15. The court in *Commonwealth v. Tucker*, 252 Pa.Super. 594, 599, 384 A.2d 938, 941 (1978), as Defendant also cites, states and recognizes that later cases have held that misstatements of fact will invalidate a search warrant and require suppression of the fruits of the search **only** if the misstatements of fact are deliberate and material. *Id.* A material fact is one without which probable cause to search would not exist. *Id.*

16. Most importantly the court in *Tucker* states, as the Commonwealth argues, "[t]he inclusion of false evidence will not invalidate a search warrant if the warrant is based upon other information which is valid and sufficient to constitute probable cause." *Id*; *Commonwealth v. Scavincky*, 240 Pa.Super. 550, 359 A.2d 449 (1976).

17. The probable cause that remains within the affidavit is outlined as follows:

   i. On March 9, 2016, Wilkinsburg police were called to 1304 Franklin Avenue for numerous deceased victims as a result of multiple gunshot wounds.

   ii. On scene were observed numerous items of ballistic evidence, including spent 7.62X39 caliber casings and .40 caliber casings in two separate locations, indicating that two separate actors were involved in the shooting.

   iii. Immediately after hearing gunshots, Officer Adams of the Wilkinsburg Police Department drove to the area of the shots, Franklin Avenue, where he observed a black male walking casually on that road. He sees the male get into a white Lincoln Continental and drive away. The license plate number was JBP2200.

   iv. That license plate registration revealed that the vehicle was registered to a Brittany Shelton and Desdrene Smith of 1214 Nolan Court.

   v. Based on this information, along with numerous anonymous tips that the actors live on Nolan Court, Detectives retrieved video surveillance of Nolan Court from the night of the homicides, March 9, 2016.

   vi. On that video surveillance, observations are made of a male entering and exiting 1214 Nolan Court and entering a vehicle matching the description from Officer Adams.

vii. Also on that video is the male retrieving, notably, a long slender, ridged object from the back yard of 1214 Nolan Court and placing it into the vehicle a mere twenty minutes prior to the shots fired call on Franklin Avenue.

viii. The same black male returns to 1214 Nolan Court with the same vehicle approximately 2:57am that next morning.

ix. On March 12, 2016, Detectives interviewed Brittney Shelton regarding the video surveillance obtained from 1214 Nolan Court. During that interview, Brittney Shelton tells Detectives the male seen in that surveillance appeared to be her brother, Cheron Shelton.

x. During the interview of Defendant Cheron Shelton's girlfriend, Chanel Falls, Detectives learn that Cheron Shelton's phone number at the time was 412-892-0447.

xi. After analyzing call detail records obtained for phone number 412-892-0447, Detectives discovered frequent contact with the phone 412-378-3461 prior to and after the commission of the homicides. Furthermore, link analysis on both Cheron Shelton's phone and Brittany Shelton's phone showed contact with the same 412-378-3461 number.

xii. Additional video surveillance from 1214 Nolan Court showed a second male hopping a fence and enter the rear of 1214 Nolan Court following defendant Cheron Shelton at approximately 11:45pm on March 9, 2016.

xiii. During Robert Thomas' interview, Thomas was confronted with this video surveillance showing a second male with defendant Cheron Shelton; Robert Thomas admitted to being with Cheron Shelton the night of the homicides and

admitted that it was him who was observed on the video jumping over the fence with Shelton at 11:45pm, less that one hour after the homicides.

18. The probable cause established within the affidavit is sufficient even without identifying 412-378-3461 as Robert Thomas' phone number at the time.

19. The frequent communication with Cheron Shelton with this number prior to and around the time of the shooting, along with the facts that the scene establishes two actors, and that Robert Thomas puts himself physically with Cheron Shelton within an hour after the shooting back at Nolan Court satisfies the probable cause standard to obtain the records attached to number 412-378-3461.

WHEREFORE, based upon the foregoing, the Commonwealth respectfully requests that this Honorable Court DENY the defense motion to suppress.

Respectfully submitted

STEPHEN A. ZAPPALA, JR.,
DISTRICT ATTORNEY

By: _____
Kevin A. Chernosky
Deputy District Attorney

## VERIFICATION

I, Deputy District Attorney Kevin A. Chernosky, the undersigned, do hereby declare that the statements of fact set forth in the foregoing motion are true and correct to the best of my knowledge, information and belief and are made subject to the penalties related to unsworn falsification to authorities under Section 4904 of the Pennsylvania Crimes Code, 18 Pa. C.S. §4904.

_____
Kevin A. Chernosky
Deputy District Attorney

7-6-18
Date

CERTIFICATE OF SERVICE

I hereby certify that, on this __6__ day of July, 2018, I have caused to be served upon the persons listed below a true and correct copy of the within motion.

Service by First Class mail or personal service addressed as follows:

Randall H. McKinney, Esq.
100 Ross Street, Suite 1
Pittsburgh, PA 15219

Casey White, Esq.
48 26th Street, Suite 101
Pittsburgh, PA 15222

The Honorable David R. Cashman
Allegheny County Courthouse
Pittsburgh, PA 15219

Thomas McCaffrey,
Criminal Court Administrator
5th Floor, County Courthouse
Pittsburgh, PA 15219

_____
Kevin A. Chernosky
Deputy District Attorney

CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Kevin A. Chernosky
Deputy District Attorney

7-6-18
Date