# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT THOMAS, ) | |
| ) | |
| Plaintiff, ) | 2:22-cv-00196-CB |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| COUNTY OF ALLEGHENY, ) | |
| PENNSYLVANIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case will be set for a jury trial in November 2025. The specific trial dates, and additional deadlines, will be established by a final pretrial order, to follow. **Each side will be afforded 5 and 1/2 hours at trial for party presentation**: 5 and 1/2 hours for Plaintiff, and 5 hours and 1/2 for Defendants, collectively. Details will be addressed at the final pretrial conference ("FPTC"), which will be scheduled seven to ten calendar days before trial.

The parties' Rule 26(f) Report indicated that neither side anticipated a need for expert witnesses. Doc. 41 at ¶¶ 9(f)-(i). At the Post-Discovery Status/Settlement Conference, Plaintiff's counsel requested expert discovery to pursue opinions regarding probable cause, and whether proper investigative "protocols" were observed. The Court declined, because the putative opinions would address ultimate issues reserved for the jury. Having seen the summary judgment record, the undersigned is all the more convinced. No remaining issue is amenable to expert treatment. Expert opinions would invade the province of the jury; they would not assist the trier of fact; and the parties cannot filter fact evidence through experts to lend credence to

their positions.  Complaint of Borghese Lane, LLC, 2023 WL 2357698, *3 (W.D. Pa. Mar. 2, 2023) (citations to quoted and other sources omitted).

Plaintiff's pretrial narrative statement is due by **July 28, 2025**, and it shall comply with all requirements of Local Rule 16.1.C.1 and the undersigned's Practices and Procedures. A failure to comply with the mandates of Local Rule 16.1.C.1 may result in the exclusion of evidence or testimony at trial.  Defendants' pretrial narrative statement shall comply with all requirements of Local Rule 16.1.C.2 and the undersigned's Practices and Procedure, and shall be filed on or before **August 18, 2025**.  A failure to comply with the mandates of Local Rule 16.1.C.2 may result in the exclusion of evidence or testimony at trial.

Given the substantial shifts resulting from summary judgment, the parties may consider whether another round of settlement discussions is warranted.  They could be facilitated by the ADR neutral previously employed, *see* Doc. 45; a different one; or by the undersigned.  If the parties are in agreement, they may file on the docket a joint notice by **July 16, 2025**.  If any party declines, or agreement cannot be reached, counsel shall (by the same date) contact Chambers (412.208.7460) and so advise.

Discussions as to the above will not toll the deadlines for pretrial narrative statements. If agreement is reached, and the Court approves the plan, trial-related deadlines will be suspended, as appropriate.

If settlement discussions are not pursued in advance of the final pretrial conference, the Court *may* entertain them there.  If the undersigned determines that discussions are futile, they will be foregone, or truncated.  To state it plainly, prior discussions seemed doomed from the start.  The Court has lost its patience for rebuffing calcified, myopic and unreasonable positions.

Should the parties ask the Court to facilitate discussions, they will be held in the courthouse, in person.  Mr. Thomas did not appear at the originally scheduled Post-Discovery Settlement Conference, and only video attendance was required.  In any event, civil plaintiffs are required to attend the FPTC in person.  Mr. Thomas should acclimate to the environment, because he soon may be spending a good deal of time in it.

Plaintiff's counsel are instructed to advise their client that, absent extraordinary circumstances establishing abundant good cause, his failure to appear at any Court-ordered event *will* result in his case being dismissed, with prejudice, for failure to prosecute and/or to comply with court order(s).  The time for passive involvement is over.  Full engagement is required.

IT IS SO ORDERED.

July 9, 2025                                                              s/Cathy Bissoon
                                                                          Cathy Bissoon
                                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record